IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ISAIAH BROWN,

    Plaintiff,

v.

WINN-DIXIE STORES, INC. and
BI-LO HOLDINGS, LLC,

    Defendants.

CV 214-052

## O R D E R

In this action, Plaintiff Isaiah Brown alleges that during his employment with Defendant Winn-Dixie Stores, Inc. ("Winn-Dixie") and Bi-Lo Holdings, LLC ("Bi-Lo") (collectively, "Defendants"), Defendants interfered with his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, failed to pay him for all hours worked and for overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and retaliated against him in violation of the FMLA and FLSA. On March 20, 2015, this Court granted summary judgment in Defendants' favor on all of Plaintiff's claims for damages as barred by judicial estoppel, but permitted his equitable claim for reinstatement to proceed. (Doc. 32 at 35.)

The Court then directed the parties to meet and confer to address lingering discovery issues – specifically, the depositions of Defendants. (See Docs. 30, 46.) The parties complied with the Court's directive and proposed a schedule in which discovery would conclude on August 25, 2015, with dispositive motions to be filed within twenty days after that date. (Doc. 43.) After careful consideration, the Court entered a formal, Amended Scheduling Order that memorialized the parties' plan and deadlines. (Doc. 45.) Two days later, however, the parties moved the Court to stay discovery and all further proceedings until the United States Court of Appeals for the Eleventh Circuit issues a ruling on Plaintiff's appeal of this Court's Order that granted, in part, Defendants' motion for summary judgment. (Doc. 46.) For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** this Joint Motion to Stay Discovery and Other Proceedings. (Id.)

It is well-established that a district court may stay proceedings either on its own or on a motion of the parties. See, e.g., Landis v. N. Am. Water Works & Elec. Co., 299 U.S. 248, 254 (1936). Moreover, the Eleventh Circuit has held that "[a] variety of circumstances may justify a district court stay pending the resolution of a related case in another court." Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). Indeed, a stay "sometimes is authorized

2

simply as a means of controlling the district court's docket and of managing cases before the district court." Id. Even so, "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." Id.

The sole justification for the parties' motion is that Plaintiff has appealed, the issue on appeal has not yet been briefed, and accordingly the parties have not received a ruling on the propriety of this Court's decision that Defendants were entitled to judgment as a matter of law on all claims in which Plaintiff sought monetary relief. (See Doc. 46, ¶¶ 5, 6, 7.) This argument — which does little more than identify important dates on the docket — in no way addresses why the parties, at a minimum, cannot complete discovery.

After pleadings were exchanged, the parties had nearly five months to engage in discovery. (Doc. 15.) Plaintiff then sought and received a ninety-day extension. (Docs. 18, 30.) By way of the Amended Scheduling Order, the Court granted the parties yet another sixty days, as requested, to complete depositions. (Docs. 43, 45.) Indeed, the parties' Joint Discovery Plan indicates that the remaining depositions have been scheduled and will conclude by August 7, 2015. (Doc. 43 at 2.) Based on these representations and the Court's finding that

3

ten months is amply sufficient to complete discovery in a case of this nature, the Court **DENIES** the parties' request to stay discovery. No further extensions will be granted.

The Court will, however, **STAY** the civil motions deadline pending the Eleventh Circuit's resolution of Plaintiff's appeal. The parties **SHALL FILE** the appropriate motions within **THIRTY DAYS** of the issuance of the Eleventh Circuit's opinion.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of July, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA