IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ISAIAH BROWN,                          *
                                       *
    Plaintiff,                         *
                                       *
    v.                                 *
                                       *
WINN-DIXIE STORES, INC., and           *        2:14-cv-52
BI-LO HOLDINGS, LLC,                   *
                                       *
    Defendants.                        *
                                       *
                                       *
                                       *

O R D E R

This case recently returned to the Court from a premature appeal. (Eleventh Circuit Mandate, Doc. 50.) Since then two motions have been filed. First is Defendants' second motion for summary judgment, which was filed with the Court's leave and seeks summary judgment in light of Plaintiff's deposition testimony that he does not seek reinstatement. Second is Plaintiff's motion for reconsideration of the Court's May 20, 2015 Order dismissing the Plaintiff's claims for monetary relief under the doctrine of judicial estoppel. (Amended Motion for Reconsideration, Doc. 62.) For the reasons below, both motions are **DENIED**.

## I. BACKGROUND

This case concerns allegations that Defendants violated the Fair Labor Standards Act and the Family and Medical Leave Act in connection with Plaintiff's employment. The Court's May 20, 2015 Order sets out the complete factual background. (Doc. 38.) That Order granted summary judgment on Plaintiff's claims for monetary relief, including front and back pay. (Id. at 33.)[1] Plaintiff seeks reconsideration of that Order while Defendants seek summary judgment on the remaining claim for reinstatement.

---

[1] On this point, the Court's Order cited Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir. 2002) and Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1297 (11th Cir. 2003). (Doc. 38 at 33.) Barger discussed what relief is prohibited by judicial estoppel:

> In Burnes, the [Eleventh Circuit] decided that while judicial estoppel barred the plaintiff-appellant from pursuing claims for monetary damages, the doctrine did not prohibit him from pursuing claims which add no monetary value to the bankruptcy estate. Thus, the [Eleventh Circuit] allowed the plaintiff-appellant to proceed on his claims for injunctive relief.
> Barger's claim for injunctive relief (*i.e.* her request for reinstatement) would have added nothing of value to the bankruptcy estate even if she properly disclosed it. Therefore, like the plaintiff-appellant in Burnes, judicial estoppel does not prohibit Barger from pursuing any claims for injunctive relief that she may have.

Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1297 (11th Cir. 2003) (citations omitted). Thus, Barger clarifies that judicial estoppel prohibits all claims for monetary compensation including front pay. Accordingly, only Plaintiff's reinstatement claim remains.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

### A. Legal Standard

"In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Collins v. Int'l Longshoremen's Ass'n Local 1423, No 2:09-cv-093, 2013 WL 393096, at *1 (S.D. Ga. Jan. 30, 2013). District courts have the discretion to reconsider interlocutory orders at any time before final judgment under Rule 54(b). Watkins v. Capital City Bank, No. 3:10-cv-087, 2012 WL 4372289, at *4 (S.D. Ga. Sept. 24, 2012); Lambert v. Briggs & Stratton Corp., No. 6:04-cv-016, 2006 WL 156875, at *1 (S.D. Ga. Jan. 19, 2006).

Although the text of Rule 54(b) does not specify a standard to be used by courts in exercising authority under the Rule, courts in this Circuit "have taken the position that a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice." Insured Deposits Conduit, LLC v. Index Powered Fin. Servs., LLC, No. 07-22735, 2008 WL 5691349, at *1-2 (S.D. Fla. Mar. 14, 2008); accord Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010); Merrett v. Liberty Mut. Ins. Co., No. 3:10-cv-1195, 2013 WL 5289095, at *1 (M.D. Fla. Sept. 19, 2013). Because reconsideration is an extraordinary remedy to be

employed sparingly, the movant must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. <u>Voter Verified, Inc. v. Election Sys. & Software, Inc.</u>, No. 6:09-cv-1969, 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011). A motion for reconsideration should not be used to present arguments already heard and dismissed, or to offer new legal theories or evidence that a party could have presented before the original decision. <u>S.E.C. v. Mannion</u>, No. 1:10-cv-3374, 2013 WL 5999657, at *2 (N.D. Ga. Nov. 12, 2013).

**B. Analysis**

In her motion, Plaintiff argues that the following factual developments warrant reconsideration of the Court's May 20, 2015 Order. First, the Chapter 13 Trustee "has averred that Plaintiff's claims are property of the bankruptcy estate, and she has not abandoned Plaintiff's claims." (Doc. 62 at 1, Ex. A.) Whether the Bankruptcy Trustee abandoned the claims is immaterial. Plaintiff filed this suit on April 14, 2014, but did not move to reopen his bankruptcy case until February 2, 2015. (Order, Doc. 38 at 7.) In these circumstances, judicial estoppel applies whether or not the Bankruptcy Court reopens the bankruptcy proceedings and allows the Trustee to pursue the legal claims as property of the bankruptcy estate. <u>See</u> <u>Burnes v. Pemco Aeroplex, Inc.</u>, 291 F.3d 1282, 1288 (11th Cir. 2002).

4

Second, Plaintiff notes that the Bankruptcy Court approved Plaintiff's counsel to pursue Plaintiff's claims. (Doc. 62 at 1, Ex. B.) But the same was true in <u>Slater v. U.S. Steel Corp.</u>, --- F.3d ---, 2016 WL 723012, at *2 (11th Cir. Feb. 24, 2016), and it had no impact on the Eleventh Circuit's opinion affirming the district court's dismissal on judicial-estoppel grounds.

Finally, Plaintiff indicates that he has settled a separate vehicular tort claim and that a motion to approve the settlement is pending before the bankruptcy court. Plaintiff leaves unsaid why that settlement affects the Court's prior Order. The Court concludes that it does not.

The remainder of Plaintiff's argument repeats his prior opposition to summary judgment. In its May 20, 2015 Order, the Court cited the binding precedents that controlled its decision. See, e.g., <u>Burnes</u>, 291 F.3d 1292; <u>Robinson v. Tyson Foods, Inc.</u>, 595 F.3d 1269 (11th Cir. 2012). The Eleventh Circuit recently reaffirmed those same precedents in <u>Slater</u>. 2016 WL 723012, at *11. In light of <u>Slater</u>, there is no reason for the Court to reconsider its Order. In sum, "[t]he factors that trigger the application of the doctrine are (1) an inconsistent position taken under oath in the Bankruptcy Court, and (2) advancing an inconsistent position in the District Court with the intent to make a mockery of justice." <u>Slater</u>, 2016 WL 723012, at *11. As explained in the Court's Order, those two factors are met. (Order, Doc. 38 at 12-25).

5

Plaintiff's reply brief frequently cites Judge Tjoflat's concurring opinion in Slater. In his opinion, Judge Tjoflat presents many well-reasoned criticisms of the Eleventh Circuit's current application of the doctrine of judicial estoppel. Slater, 2016 WL 723012 (Tjoflat, J., concurring); see also Thompson v. Quarles, 392 B.R. 517, 525-26 (S.D. Ga. 2008) (describing judicial estoppel as "a doctrine run amok"). Nevertheless, as Judge Tjoflat's opinion recognized, those precedents are binding in this circuit. Slater, 2016 WL 723012, at *12 (Tjoflat, J., concurring) (noting the binding holdings in Burns, 291 F.3d 1282 and Barger v. City of Cartersville, 348 F.3d 1289 (11th Cir. 2003) and calling for en banc review). Those cases and their progeny control this case; therefore, Plaintiff's motion for reconsideration is **DENIED**.

### III. DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

The Court's May 20, 2015 Order granted summary judgment on Plaintiff's claims for monetary relief, including front and back pay. Because judicial estoppel prohibits Plaintiff from maintaining claims for monetary relief, Plaintiff's sole remaining claim is an equitable claim for reinstatement. Defendants now move for summary judgment on that claim. (Def.'s Mot. Sum. J., Doc. 57.)

## A. Legal Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor." U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

The moving party has the initial burden of showing the Court the basis for the motion by reference to materials on file. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). When the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways: by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex, 477 U.S.

317). Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark, 929 F.2d at 608.

If—and only if—the movant carries its initial burden, the non-movant may only avoid summary judgment by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. If the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick, 2 F.3d at 1116. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory

allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

In this action, the Clerk of Court gave Plaintiffs notice of Defendants' motion for summary judgment and informed them of the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 58.) The notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam) are therefore satisfied, and the motion is ripe for review.

**B. Analysis**

Defendants contend that Plaintiff waived his right to reinstatement during a deposition on August 18, 2015. (Def.'s Mot. Sum. J., Doc. 57.) During the deposition, Defendants' counsel asked Plaintiff if he sought reinstatement via the lawsuit. (Id. at 2.) Plaintiff answered "No, sir." (Id.) After Plaintiff's counsel's objection, Defendants' counsel re-phrased the initial question, asking instead, "if the judge were to order you to be reinstated with Winn-Dixie. . .you would not want to accept that employment. Is that your answer?" (Id. at 3.) Plaintiff replied "Right." (Id.)

The Eleventh Circuit has held that "once an employer makes a 'good faith' offer of reinstatement, 'claimants forfeit their

9

right to reinstatement unless their refusal of the employer's offer is reasonable.'" Lewis v. Fed. Prison Indus., 953 F.2d 1277, 1279 (11th Cir. 1992.) (quoting Stanfield v. Answering Service, Inc., 867 F.2d 1290, 1296 (11th Cir. 1989). This rule "encourages . . . defendants promptly to make curative, unconditional job offers to claimants, thereby bringing defendants into 'voluntary compliance' . . . far more quickly than could litigating proceeding at its often ponderous pace.". Ford Motor Co. v. EEOC, 458 U.S. 219 (1982). Further, allowing an employee to maintain his right to reinstatement without reasonable justification "would allow an employee to avoid [his] obligation to mitigate damages by holding out for a court-ordered reinstatement." Stanfield, 867 F.2d at 1296. But courts have recognized many reasons why a claimant's refusal of reinstatement may be reasonable, including discord or antagonism between parties, the date of the claimant's anticipated retirement, and the claimant's mental and physical health. Lewis, 953 F.2d at 1280.

In support of their argument that Plaintiff waived his right to reinstatement, Defendants rely on Stanfield v. Answering Service, Inc. In Stanfield, the plaintiff filed a complaint with the Equal Employment Opportunity Commission following termination from defendant who cited her inability to work as the reason for termination. Stanfield, 867 F.2d at 1293. Before her termination, the plaintiff experienced health

problems that would occasionally interrupt her work schedule and took a two-month leave of absence to care for her ailing husband. Id. Upon attempting to return to work, she was notified that she was no longer needed. Id.

After a jury verdict and judgment in the plaintiff's favor, she moved for "an award of interim pay and front pay in lieu of reinstatement." Id. at 1294. Before the court could rule on plaintiff's motion, the defendant offered to reinstate plaintiff; however plaintiff declined because of her husband's recent death. Id. at 1295. Soon after, the district court denied plaintiff's motion for front pay, instead ordering the defendendat to reinstate her. Id. The defendant appealed the reinstatement order, and the Eleventh Circuit reversed, holding that Plaintiff's refusal constituted a waiver of her right to reinstatement. Id. at 1296. However, this holding assumed "that the company's offer of reinstatement was otherwise acceptable." Id.

The present case is distinguishable from Stanfield because there is no evidence that Defendants made a good-faith offer of reinstatement to Plaintiff. At best, Defendants' counsel merely asked whether Plaintiff would like to be reinstated. Defendants have not referred to, and the Court is unaware of, any authority for finding a deposition answer to constitute a waiver under Stanfield and similar cases. See Ford Motor, 458 U.S. 219; Lewis, 953 F.2d at 1277.

As the movants, Defendants bear the burden of establishing that Plaintiff waived his reinstatement claim. Because Defendants never made a good-faith offer of reinstatement, Plaintiff could not decline an offer of reinstatement nor waive his right to future reinstatement. Defendants' motion for summary judgment is therefore **DENIED**.

## IV. CONCLUSION

As discussed, the Court **DENIES** Defendants' motion for summary judgment and Plaintiff's amended motion for reconsideration. (Docs. 57, 62.) Additionally, the Court **DENIES AS MOOT** Plaintiff's original motion for reconsideration. (Doc. 60.) The Court also **DENIES** Defendants' request for attorney's fees and costs. (Def.'s Opp. Br. to Reconsideration, Doc. 66 at 9-10.)

As mentioned above, in the May 20, 2015 Order, the Court dismissed all of Plaintiff's claims for monetary relief including front pay. Plaintiff's remaining claim for reinstatement shall proceed to trial.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of June 2016.

   _____
   HONORABLE J. RANDAL HALL
   UNITED STATES DISTRICT JUDGE
   SOUTHERN DISTRICT OF GEORGIA

12